UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                 :

DAVID DOUEK,                     :

                  Plaintiff,     :

                               :          20-CV-8074 (JMF)

        -v-                  :

                               :     <u>MEMORANDUM OPINION</u>

CITIBANK, N.A., et al.,         :         <u>AND ORDER</u>

                               :

                 Defendants.   :

                               :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff David Douek, proceeding without counsel, sues a motley crew of Defendants,

including Citibank, N.A. ("Citibank"), TD Bank, N.A. ("TD Bank"), Equifax Information

Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and various

individuals.  Douek's Complaint is hard to understand, but his claims appear to center on the

allegation that Citibank "pulled" his "Credit Bureau report" without his permission to "update

[his] profile and extend a line of credit," triggering "a series of events which negatively impacted

[his] credit worth[i]ness."  ECF No. 1 ("Compl."), at 5-6; *see also* ECF No. 38 ¶ 15 ("Pl.'s

Opp'n.").  Douek alleges that, as a result of these events, a check in the amount of $100.01 was

returned for insufficient funds by his yacht club, causing him extreme harm and embarrassment.

*See* Compl. 6, 9.  Finally, he alleges that he has received more than five calls per day from

collection agencies.  *See id.* at 5.  Douek seeks, among other things, millions of dollars, an

increased credit line, a 0% interest rate for six years, and "one half . . . any sandwich from NY

based Lenny's delicatessen . . . every week, once a week, in perpetuity."  *Id.* at 9.  Defendants

now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss.

Defendants' motions must be and are granted.  The Court is obliged to construe Douek's

pleadings liberally, *see, e.g.*, *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted)

(emphasis in original).  But the "special solicitude" to which he is entitled, *id.* at 475 (internal

quotation marks omitted), has its limits.  To state a claim, a *pro se* plaintiff must still comply

with the dictates of Rule 8 of the Federal Rules of Civil Procedure, which mandates "a short and

plain statement of the claim showing that the pleader is entitled to relief" and allegations that are

"simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1); *see also, e.g., Chavis v. Chappius*,

618 F.3d 162, 170 (2d Cir. 2010) (noting that while a court must accept as true all of the well-

pleaded allegations in a complaint, that tenet is inapplicable to legal conclusions and to

threadbare recitals of the elements of a cause of action supported by mere conclusory

statements).  Applying Rule 8, courts regularly dismiss complaints where they fail to provide the

defendants with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, e.g.*, *Salahuddin v. Cuomo*, 861 F.2d

40, 42 (2d Cir. 1988) (explaining that a court may dismiss a complaint that is "so confused,

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised").

Douek's Complaint fails to satisfy Rule 8's requirements.  He references, without

explanation, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No.

116-136 (2020), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and alleges

also "price goug[]ing, price-fixing[,] harassment, defamation, [and] hostile work environment."

Compl. 2.  But he fails to explain the nature and basis for any of these claims, including, but not

limited to, which Defendant is responsible for which claim and why.  (In fact, the Complaint is

devoid of any factual allegations whatsoever with respect to many Defendants.)  The net result is

that Defendants — and the Court — are left to guess about what Douek's claims are.  That is

plainly insufficient to satisfy Rule 8.  *See Chavis,* 618 F.3d at 170 (noting that while, in a *pro se*

case, a court is "obligated to draw the most favorable inferences that [the] complaint supports,

[it] cannot invent factual allegations that [the plaintiff] has not pled"); *Bardwil Indus. Inc. v.*

*Kennedy*, No. 19-CV-8211 (NRB), 2020 WL 2748248, at *4 (S.D.N.Y. May 27, 2020)

(dismissing a claim where the defendant was "left to guess not only which factual contentions

are asserted against him, but also which of those contentions are the basis for [the] plaintiff's

claim" and noting that "[s]uch guesswork is antithetical to the fair notice that Rule 8 requires"

(internal quotation marks omitted)); *Infanti v. Scharpf*, No. 06-CV-6552, 2008 WL 2397607

(ILG), at *2 (E.D.N.Y. June 10, 2008) ("It is not the duty of . . . [D]efendants or this Court to sift

through the Complaint and guess which factual allegations support which claims."); *Lee v.*

*United States*, No. 00-CV-4163 (GEL), 2000 WL 1597852, at *2 (S.D.N.Y. Oct. 26, 2000)

(Lynch, J.) (dismissing a complaint on the ground that it was "diffuse and incoherent").

Taking the concept of liberal construction to (or perhaps beyond) its limit, the Court

could construe Douek's Complaint to allege claims under the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 *et seq*. ("FCRA"), and the Telephone Consumer Protection Act, 47

U.S.C. § 227 *et seq*. ("TCPA").  But any such claims fail as a matter of law.  First, Section

1681b(f) of the FCRA provides that "a person shall not use or obtain a consumer report for any

purpose unless . . . the consumer report is obtained for a purpose for which the consumer report

is authorized to be furnished under this section."  By its terms, therefore, "a permissible purpose

is a complete defense" to a claim that the defendant improperly obtained the plaintiff's credit

report.  *McChriston v. Diversified Consultants, Inc*., No. 18-CV-185 (VEC) (BCM), 2019 WL

4418580, at *3 (S.D.N.Y. June 7, 2019).  Section 1681b(a)(3)(A), in turn, defines one such permissible "purpose" as follows: "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review . . . of an account of, the consumer."  According to Douek's own Complaint, those were precisely the purposes for which Citibank obtained his credit report.  *See* Compl. 5 (alleging that Citibank "pulled a Credit Bureau report on me without my permission to update my profile and extend a line of credit").  Thus, any claim under the FCRA fails.

To state a claim under the TCPA, meanwhile, a plaintiff must plausibly allege (1) that the defendant called the plaintiff's cellular telephone number (2) using an automatic telephone dialing system or artificial or prerecorded voice (3) without the plaintiff's prior consent.  *See* *Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d. 466, 474 (S.D.N.Y. 2018).  Douek does not allege any of these elements: He does not specify whether any Defendant called him on his cellular phone; if he was contacted using an automatic telephone dialing system or artificial or prerecorded voice; or that he did not previously consent to such calls.  Instead, he alleges only that he has received five or more calls per day from collection agencies.  *See* Compl. 5.  "The TCPA," however, "does not offer a remedy for plaintiff's allegations of excessive phone calls." *Lundstedt v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-001423 (JAM), 2016 WL 3101999, at *4 n.4 (D. Conn. June 2, 2016).  Accordingly, any claim under the TCPA fails as well.

The failure of these federal claims leaves two matters.  First, the Court declines to grant Douek leave *sua sponte* to amend his federal claims.  Douek was previously granted leave to amend to cure the deficiencies raised in Defendants' motions to dismiss and was explicitly cautioned (twice) that he "w[ould] not be given any further opportunity to amend the complaint to address issues raised by any motion to dismiss."  ECF No. 18; *see* ECF No. 35.  Additionally,

the problems with Douek's FCRA claim are substantive and cannot be cured through amendment.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a district court may deny leave to amend when amendment would be futile because the problems with the plaintiff's claims are "substantive" and "better pleading will not cure them").  And finally, Douek "has not requested permission to file [an amended complaint], nor has he given any indication that he is in possession of facts that would cure the problems identified in this opinion."  *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).  Second, to the extent that Douek's Complaint can be read to also allege claims under state law (such as defamation or intentional infliction of emotional distress), the Court declines to exercise supplemental jurisdiction.  Although the Court may have discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, it is well established that, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998).  Here, there is no basis to depart from that general rule given, among other things, the relatively early stage of the case.

Accordingly, Douek's Complaint must be and is DISMISSED in its entirety.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 15, 20, 23, 25, and 28; to enter judgment for Defendants; and to mail a copy of this Memorandum Opinion and Order to Douek.

SO ORDERED.

Dated: August 12, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge